LEXINGTON BANK v. PHENIX INSURANCE COMPANY ET AL.

FILED OCTOBER 5, 1905. No. 13,865.

Debt: CANCELATION: PRESUMPTION. In the absence of evidence, an agent for collection who cancels the obligation of the debtor is presumed to have done so in consideration of the face amount of the claim.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*E. A. Cook,* for plaintiff in error.

*W. W. Leek* and *H. D. Rhea, contra.*

AMES, C.

The Phenix Insurance Company recovered a judgment against John Everson, which was assigned by its attorneys without consideration, but for collection only, to the Lexington bank, and the assignment was afterwards ratified by the company. After the assignment, Everson sued the the bank upon a money demand for $800, and the bank pleaded set-offs, including the judgment, to the aggregate amount of about $1,000. The suit never came to trial, but was settled and dismissed, and as a part of the settlement the bank satisfied and discharged of record the insurance company's judgment. What specific gain or advantage the bank obtained in the settlement by reason of such discharge is not shown by the evidence, and as to whether Everson was at the time pecuniarily responsible there is some conflict; but we think the latter question is immaterial. In the absence of evidence, an agent for col-

lection who cancels the obligation of the debtor must be presumed to have done so in consideration of the face amount of the claim. This is an action by the insurance company against the bank to recover the amount of the judgment and interest. There is a conflict in the evidence as to whether the judgment was purchased and owned by the bank, or assigned to it for collection as alleged in the petition, but the jury determined this and all other issues in favor of the plaintiff, and returned a verdict accordingly, upon which a judgment was rendered, which this proceeding is prosecuted to reverse.

The plaintiff in error complains of the action of the court in the giving and refusal of instructions, but the main contention of counsel is that the verdict is unsupported by evidence. We are not only not able to agree with him, but are of opinion that it is the only verdict which the evidence would have supported, and that errors in instructions, if there are any, were without prejudice.

We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.